**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Case: 2:25−cv−10355
Assigned To : Berg, Terrence G.
Referral Judge: Grand, David R.
Assign. Date : 2/5/2025
Description: CMP RUTILA v CONSOLIFI USA ET AL (JP)

HAROLD E. RUTILA, IV,

*Plaintiff,*

vs.

CONSOLIFI USA;
BOOSTIFY FINANCIAL SOLUTIONS;
BOOSTIFY MEDIA LLC;
Hoda Hajirnia; and
Maziar Bordbar

*Defendants*.

Civil Action No. ______________________

**COMPLAINT**

## INTRODUCTION

1. Plaintiff Harold E. Rutila, IV ("Plaintiff") brings this action for damages, injunctive relief, and any other available legal or equitable remedies resulting from the illegal actions of Defendants BOOSTIFY MEDIA LLC; BOOSTIFY FINANCIAL SOLUTIONS; CONSOLIFI USA; Hoda Hajirnia; and Maziar Bordbar ("Defendants"), in negligently and/or willfully contacting Plaintiff on Plaintiff's telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and its implementing regulations, thereby invading Plaintiff's privacy, specifically under the National Do Not Call provision of 47 C.F.R. § 64.1200(c).
2. This case involves a telemarketing campaign by Defendant to Plaintiff to sell loans and debt consolidation products without having the required consent to contact Plaintiff.
3. Unless otherwise stated, Plaintiff alleges that Defendants' violations were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violations.

4. Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, vendors, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.
5. Plaintiff alleges as follows based on personal knowledge and information and belief.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over these TCPA claims under 28 U.S.C. § 1331 because this case arises out of violations of federal law, 47 U.S.C. § 227.
7. This Court has personal jurisdiction over Defendants, as Defendants' unlawful solicitations to Plaintiff were directed to Plaintiff while he lived and worked in this District. The wrongful conduct giving rise to this case occurred in, was directed to, and emanated from this District.
8. Venue is proper in the Eastern District of Michigan under 28 U.S.C. § 1391(b)(2) because the events and/or omissions giving rise to these claims occurred within this judicial district.

## PARTIES

9. Plaintiff Harold E. Rutila, IV is a natural person and citizen residing in Wayne County, MI.
10. Defendant CONSOLIFI USA, web address https://consolifiusa.com, is a California business entity with the address 18004 Skypark Circle #200B, Irvine, CA 92614.
11. Defendant BOOSTIFY FINANCIAL SOLUTIONS, web address https://boostifycorp.com, is a California business entity with the address 18004 Skypark Circle #200A, Irvine CA 92614.
12. Defendant BOOSTIFY MEDIA LLC, web address https://boostifymediagroup.com, is a California Corporation with the address 25 Momento, Irvine, CA 92603.
13. The website for Defendant CONSOLIFI USA and the website for Defendant BOOSTIFY FINANCIAL SOLUTIONS identify that they are "Powered by Boostify Media, LLC."

14. Defendant Hoda Hajirnia, reflected by California business records as manager, member, and/or CEO of Defendant BOOSTIFY MEDIA LLC, is a person residing in Mission Viejo, CA.

15. Defendant Maziar "Matthew" Bordbar publicly portrays that he is the CEO of Defendant BOOSTIFY MEDIA LLC as of 2014 and is a person residing in Mission Viejo, CA.

16. Defendants are each a person defined by 47 U.S.C. § 153(39).

## STATUTORY BACKGROUND

17. In 1991, Congress passed the TCPA in response to complaints about certain telemarketing practices. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102-243, § 11.

18. The TCPA generally prohibits robocalls to cell phones and home phones. *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

19. The TCPA makes it unlawful to make calls to any cellular or residential telephone line using an automated telephone dialing system or an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012).

20. "A text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of § 227(b)(1)(A)(iii)." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016).

21. The TCPA provides a private right of action to persons who receive such calls. *See* 47 U.S.C. § 227(b)(3).

22. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]" In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

23. The TCPA's definition of telephone solicitation applies to the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

24. The TCPA's definition of unsolicited advertisement applies to "means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

25. The TCPA requires entities and persons engaging in telemarketing meet minimum standards, including training their personnel concerning the rules regarding telemarketing. 47 C.F.R. §§ 64.1200(d)(1)-(d)(3); 47 C.F.R. § 61.1200(b).

26. When considering individual officer liability under the TCPA, various Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See*, *e.g.*, *Jackson Five Star Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA 'where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v. Universal*

*Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

27. Under the TCPA, individual party Defendants are personally liable for the acts and omissions alleged in this Complaint.

28. The individual Defendants directed and oversaw the telemarketing activity in progress, including selecting one or more third-party affiliates to make the call, exercising control over those affiliates, and exercising control over any other employees who make the telephone calls.

## FACTUAL ALLEGATIONS

29. At all times relevant herein, Plaintiff maintained and used a residential cellular telephone line, with phone number (810) 845-3497. This phone number is not associated with a business and is used solely by Plaintiff.

30. Plaintiff is the account holder and customary user of his phone number.

31. Plaintiff registered his phone number on the Federal Do Not Call Registry on August 18, 2009.

32. Plaintiff registered his phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls, which prevent Plaintiff from using his phone for legitimate purposes.

33. According to its website, Defendant CONSOLIFI USA is a "rapidly expanding online lending platform designed to assist individuals in their unsecured, high-interest loans for the purpose of achieving better status and enhancing their credit scores."

34. According to its website, Defendant BOOSTIFY FINANCIAL SOLUTIONS is "a next-generation Finance Technology (FinTech) company that uses a proprietary online platform designed to provide debt relief to our clients, allowing them to restructure their unsecured debt payments, pay only a fraction of the debt they owe, and become debt-free faster than they ever thought was possible."

35. Defendants CONSOLIFI USA and BOOSTIFY FINANCIAL SOLUTIONS are essentially the same company using interchangeable names.

36. Defendants CONSOLIFI USA and BOOSTIFY FINANCIAL SOLUTIONS have a common principal office location at 18004 Skypark Circle, Irvine, CA 92614.

37. In Defendants' overzealous attempts to "rapidly expand[]" their services, Defendants knowingly and willfully made unsolicited telemarketing calls in the form of text messages without the prior express written consent of the Plaintiff.

**<u>Plaintiff Receives Unsolicited Telemarketing from Defendants</u>**

38. Pursuant to 47 U.S.C. § 227(c)(3)(F), Defendants are required to check the National Do Not Call Registry before attempting to call.

39. Defendants are not exempt from the TCPA.

40. Despite their obligations under the TCPA, Defendants began unlawfully soliciting Plaintiff on his cell phone in December 2024.

41. Specifically, on December 20, 2024 at 6:03 P.M., Plaintiff received a text message from (505) 531-6469 for the purpose of solicitation, which read

> Hi Harold, this is Alexis from Consolifi. I'm following up on your request for low-interest personal funding to assist with your finances. Txt END to opt out if you are no longer interested. Otherwise, can I call you now to review next steps? Txt Not Interested = no more txts

42. On December 20, 2024 at 6:35 P.M., Plaintiff received a second text message from (505) 531-6469 for the purpose of solicitation, which read

> Harold, just checking in to see if you received my previous message. Is now a better time to give you a call?

43. Plaintiff did not respond to either message.

44. On December 21, 2024 at 1:09 P.M., Plaintiff received a third text message from (505) 531-6469 for the purpose of solicitation, which read

> Harold this is Alexis again. Our specialty is personal financing and we are ready to get you set up with 3 easy steps allowing you to receive your money by tomorrow. Is now a better time for a quick phone call to discuss?

45. Plaintiff did not respond to this message, either.

46. On December 23, 2024 at 3:34 P.M., Plaintiff received a fourth text message from (505) 531-6469 for the purpose of solicitation, which read

> Hi Harold, this is Alexis from Consolifi. I don't want to other you but the current increase in interest rates can have a big impact on your payments. We can help you before it gets unmanageable. Can you talk now?

47. Plaintiff did not respond to this message, either.

48. On December 24, 2024 at 5:43 P.M., Plaintiff received a fifth text message from (505) 531-6469 for the purpose of solicitation, which read

> Harold, It's Alexis from Consolifi. I have not heard back from you regarding your personal financing plan for $53,000. Do you have 5 mins to talk now?

49. Plaintiff did not respond to this message, either.

50. On December 26, 2024 at 1:17 P.M., Plaintiff received a sixth text message from (505) 531-6469 for the purpose of solicitation, which read

> Hi Harold, I understand how busy life can get, but a 5-minute call with us can help before your finances become unmanageable. Do you have time now to talk?

51. The generic, pre-recorded nature of these texts messages creates the inference that an automated telephone dialing system (ATDS) was used to create and send them for the purpose of solicitation.

52. The above texts were made by Defendants for the purpose of soliciting the purchase or the sale of a product or service, specifically, debt consolidation and financing products.

53. Contrary to the inferences contained in Defendants' text messages, Plaintiff had not made any "request[s] for low-interest personal funding to assist with [his] finances" *see* Allegation 38 from Defendants nor any other company.

54. Plaintiff did not provide Defendants with his cellular telephone number at any point in time, nor did he give permission for Defendants to call it.

55. Plaintiff did not have an established business relationship with Defendants during the time of the telephone solicitations from Defendants.

56. Plaintiff did not have a personal relationship with Defendants at any point in time.

57. Plaintiff did not give Defendants prior express invitation or consent in writing for Defendants to text Plaintiff's personal cellular telephone for marketing or solicitation purposes.

**Plaintiff Identifies Defendants as Responsible for Illegal Telemarketing**

58. On December 27, 2024 at 4:13 P.M., Plaintiff texted (505) 531-6469, asking "Hello, is this Consolifi?"

59. Responding immediately, on December 27, 2024 at 4:13 P.M., Plaintiff received this text from (505) 531-6469:

> This is Alexis from Consolifi. Our specialty is a fast and transparent personal loans process and your assigned Consultant can help you get set up with 3 easy steps. Is now a better time for a quick phone call to discuss?

60. Plaintiff replied to (505) 531-6469 that same day at 4:15 P.M., in an attempt to confirm the website for Defendant CONSOLIFI USA. He wrote, "To confirm with whom I am speaking, is your company consolifiusa.com ?"

61. Plaintiff received an immediate response from (505) 531-6469 at 4:16 P.M., which read

> This is Alexis from Consolifi. I am following up on your interest in a customized personal loan plan. Do you have time now to jump on a quick phone call with your assigned Consultant to discuss next steps?

62. Plaintiff received another immediate response at 4:16 P.M., which read

> Harold, I understand you would like to email, but speaking with our reps would be the most informative. If you are busy now I can help schedule for a rep to call you. Please select a time during Mon-Fri: 9:30 AM-8:30 PM & Sat: 12:00 PM-5:00 PM EST. When's a good time to call you?

63. Plaintiff had not indicated he had wanted to email Defendants.

64. Having not answered Defendant CONSOLIFI USA's previous message, Plaintiff received another text message on December 27, 2024 at 4:16 P.M., which read, "Great! Your assigned Consultant will call you from (505) 531-6469."

65. On December 27, 2024 at 4:33 P.M., Defendant CONSOLIFI USA called Plaintiff.

66. Upon Plaintiff answering, an automated voice stated "This is Consolifi Funding. Press any key to connect on a recorded line with your assigned financial consultant. … This call is recorded for quality assurance purposes."

67. After a brief hold, an agent of Defendants, who identified himself as Michael Amezquita, picked up the line and engaged Plaintiff in a short conversation. Plaintiff asked Mr. Amezquita, "I actually have never heard of this company before, so I was just looking to see, you know, what you guys offer. I think I have your website. Is it ConsolifiUSA.com, is that right?"

68. Mr. Amezquita answered, "Mmhm. Correct. You know what, I'll be able to send you some information as well … ."

69. At 4:37 P.M., Mr. Amezquita texted Plaintiff his business card, which identified Mr. Amezquita as a financial consultant with Defendant BOOSTIFY FINANCIAL SOLUTIONS.

70. Plaintiff queried Mr. Amezquita about the connection between Defendant BOOSTIFY FINANCIAL SOLUTIONS and Defendant CONSOLIFI USA. Mr. Amezquita answered, "Boostify, Consolifi, it's pretty much the same thing."

71. In sum, Defendants placed at least six telephone solicitation calls, in the form of text messages, to Plaintiff. Plaintiff therefore received more than two telephone solicitations from Defendants within a 12-month period.

72. These text messages constitute telephone solicitations pursuant to 47 C.F.R. § 64.1200(c), as they were an attempt to promote or sell Defendants' services related to credit repair.

73. These text messages qualify as "unsolicited advertisements" under the TCPA.

74. Under the TCPA, Defendants are required to provide training to their employees, contractors, agents, etc.

75. Defendants have failed to properly train its employees, contractors, agents, etc.

76. Upon information and belief, at all relevant times, Defendants failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5), including 47 C.F.R. § 64.1200(c).

77. Because Plaintiff is alerted when a text is made to his cellular telephone, the unsolicited telephone solicitations that Defendants transmitted to Plaintiff's cellular telephone invaded Plaintiff's privacy, was a nuisance, and distracted and aggravated Plaintiff upon receipt.

78. Defendants' texts to Plaintiff used an automatically generated and/or pre-recorded voice.

79. Defendants' texts used an ATDS without obtaining Plaintiff's prior express written consent.

80. Defendants have a pattern and practice of failing to comply with the TCPA.

81. The foregoing acts and omissions were violations of the TCPA.

82. Defendants are engaging in violations of the TCPA in order to garner business.

83. Employees can be held liable in TCPA actions for unlawful conduct.

84. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, Plaintiff is entitled to treble damages of up to $1,500 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

85. The acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA, including but not limited to the above-cited provisions of 47 U.S.C. § 227.

86. Plaintiff seeks injunctive relief prohibiting Defendants from violating the TCPA in the future.

87. Plaintiff is entitled to an award of costs.

88. Defendants' calls were not made for "emergency purposes."

89. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

90. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively, and fraudulently and absent *bona fide* error, lawful right, legal defense, legal justification, or legal excuse.

91. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual, and trebles damages.

92. In discovery, Plaintiff will more precisely identify how many telephone calls were made by Defendants and/or its agents and/or affiliates and will at such time request leave to amend the complaint.

## COUNT 1:

Violation of TCPA's automated telemarketing call provisions, 47 U.S.C. § 227(b)(1)

93. Plaintiff incorporates the foregoing paragraphs as though fully restated herein.

94. Plaintiff was statutorily damaged at least 6 times under 47 U.S.C. § 227(b)(1) by Defendants through the texts described above, in the amount of $500.00 per each. 47 U.S.C. § 227(b)(3).

95. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this section of the TCPA. Consequently, Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants in an amount of $3,000 plus costs and any other remedy deemed appropriate.

**COUNT 2:**

Initiating a telephone solicitation to a telephone subscriber who has registered his number on the Do-Not-Call List at least 31 days prior to the telephone call. 47 C.F.R. § 64.1200(C)(2).

96. Plaintiff incorporates the foregoing paragraphs as though full restated herein.

97. Plaintiff's telephone number has been registered on the Federal Do Not Call Registry since at least 31 days prior to the calls described above.

98. Defendants texted Plaintiff's telephone at least 6 times after Plaintiff's telephone had been registered on the Do Not Call Registry for at least 31 days prior to Defendants' texts, in violation of 47 C.F.R. § 64.1200(c)(2).

99. Plaintiff was statutorily damaged at least 6 times by the Defendants through the texts described above, in the amount of $500.00 per each. 47 U.S.C. § 227(c)(5)(B).

100. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Consequently, Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(c)(5)(C).

WHEREFORE, Plaintiff respectfully requests that judgement be entered in his favor and against Defendants in an amount of $3,000 plus costs and any other remedy deemed appropriate.

**COUNT 3:**

Violations of Do Not Call List policy provisions, 47 C.F.R. § 64.1200(d)(1)

101. Plaintiff incorporates the foregoing paragraphs as though fully restated herein.

102. The TCPA requires “Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.” 47 C.F.R § 64.1200(d)(1).

103. On December 27, 2024, Plaintiff sought via email with Defendants their aforementioned written policy via email. Plaintiff did not receive a timely substantive response.

WHEREFORE, Plaintiff respectfully requests that judgement be entered in his favor and against Defendants in an amount of $500 plus costs and any other remedy deemed appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgement be entered in his favor and against Defendants in an amount to be more fully determined at trial, but at least $6,500 as permitted by statute, and as follows:

A. An Order declaring Defendants’ conduct, as alleged above, was in violation of the TCPA and the National Do Not Call provision of 47 C.F.R § 64.1200(c).

B. All actual damages Plaintiff suffered;

C. Statutory damages of $500 per each and every violation of 47 U.S.C. § 227(b);

D. Treble damages of $1,500 per text for each violation determined to be made willfully and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C);

E. Statutory damages of $500 per each and every violation pursuant of 47 U.S.C. § 227(c)(5)(B);

F. Treble damages of $1,500 per text for each violation determined to be made willfully and/or knowingly pursuant to 47 U.S.C. § 227(c)(5)(C);

G. Statutory damages of $500 per each and every violation of 47 C.F.R. §§ 64.1200(d)(1).

H. Costs of suit.

I. Pre- and post-judgement interest, to the extent permitted by applicable law;

J. Leave to amend this Complaint to conform to the evidence presented at trial; and

K. Any other relief this Court deems proper.

Respectfully submitted,

DATED: February 5, 2025

/s/ Harold E. Rutila IV

Harold E. Rutila IV
*Pro se*
11800 Merriman Rd #51552
Livonia, MI 48151
h.rutila@gmail.com
(810) 845-3497